NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARCHITECTUREART, LLC, | No.    17-55645 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 3:15–cv–1592–BAS–NLS |
| CITY OF SAN DIEGO, | |
| Defendant-Appellee. | MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Cynthia Bashant, District Judge, Presiding

Argued and Submitted November 13, 2018
Pasadena, California

Before:  PAEZ, PARKER,** and CLIFTON, Circuit Judges.

ArchitectureArt, LLC ("AArt") appeals the grant of summary judgment to the

City of San Diego (the "City") as to AArt's Equal Protection, Due Process, First

Amendment, and Intentional Interference with Prospective Economic Advantage

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Barrington D. Parker, United States Circuit Judge for the United States Court of Appeals for the Second Circuit, sitting by designation.

("IIPEA") claims.

## Equal Protection Claims

To bring a successful Equal Protection claim premised on selective enforcement of the San Diego sign ordinance (the "Ordinance"), AArt was required to demonstrate that the City's enforcement had a discriminatory effect and that those enforcing the Ordinance were motivated by a discriminatory purpose. *See Rosenbaum v. City & Cnty. of San Francisco*, 484 F.2d 1142, 1152 (9th Cir. 2007).

AArt did not raise a genuine issue of material fact as to whether the City acted with a discriminatory purpose. Its arguments rest heavily on a series of e-mails, which AArt claims evidence a pay-to-play scheme between the City and Comic-Con. These e-mails, however, had little to do with sign permitting or the challenged Ordinance. Further, none of them can reasonably be read to show that the City's enforcement of the Ordinance was motivated by a discriminatory purpose.

AArt has also not demonstrated that the enforcement of the Ordinance had a discriminatory effect since it failed to identify a similarly situated class against which its claims can be compared. Specifically, AArt presented insufficient evidence that the City refrained from citing advertisers who had paid fees to Comic-Con and targeted advertisers who had refused to pay such fees.

## Due Process Claims

As to its Due Process claims, AArt has not demonstrated improper delegation

of power to Civic San Diego ("Civic"). Cities in California may delegate ministerial or administrative functions to an administrative body—or even a private or nonprofit entity—so long as the city prescribes standards to guide such functions and maintains ultimate control. *See, e.g., Irwin v. City of Manhattan Beach*, 65 Cal. 2d 13, 22–23 (1966); *cf. Seattle Affiliate of Oct. 22nd Coal. to Stop Police Brutality, Repression & Criminalization of a Generation v. City of Seattle*, 550 F.3d 788, 798 (9th Cir. 2008). While Civic weighed in on permit applications, the record established that the City made enforcement decisions independently of Civic and had the final say on issuing or revoking permits. Further, the citations or violations issued to AArt came from the City, not from Civic.

First Amendment Claims

This Court also concludes that neither the challenged provisions of the Ordinance nor the enforcement of such provisions violated the First Amendment. Under *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490 (1981), the relevant provisions of the Ordinance are permissible regulations of commercial speech. Furthermore, the Ordinance does not vest the City with unbridled discretion to permit or deny expressive activity because the Ordinance provides detailed standards limiting enforcement discretion. *See Outdoor Sys., Inc. v. City of Mesa*, 997 F.3d 604, 613 (9th Cir. 1993). To the extent that AArt advanced as-applied challenges premised on the alleged pay-to-play scheme between the City and Comic-Con, those

claims fail because AArt has not produced sufficient direct or circumstantial evidence of the existence of such a scheme.

## IIPEA Claim

Because AArt did not present sufficient evidence of a pay-to-play scheme between Comic-Con and the City, the IIPEA claim must fail. In order to succeed on an IIPEA claim, a plaintiff must prove, as a predicate, that the defendant engaged in conduct that was "wrongful by some measure other than an interference with the plaintiff's interest itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 902 P.2d 740, 742 (Cal. 1995). AArt cannot show that, in citing AArt's signs for non-compliance with the Ordinance, the City acted wrongfully, especially when AArt's signs violated the Ordinance's prohibition on off-premises advertising.

## Conclusion

This Court has reviewed AArt's remaining arguments on appeal and finds them to be without merit.

**AFFIRMED**.